UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrance J. Friend,<br><br>    Petitioner,<br><br>v.<br><br>Emily Johnson Piper, Commissioner of the Department of Human Services, et al.<br><br>    Respondent. | Case No. 17-cv-4356 (SRN/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Terrance Friend, Minnesota Sex Offender Program, 1111 Highway 73, Moose Lake, MN 55767, *pro se*

Ali Patrick Afsharjavan and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101

HILDY BOWBEER, United States Magistrate Judge

  Terrance Friend filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] challenging the constitutionality of his civil commitment to the Minnesota Sex Offenders Program ("MSOP"). (Pet. Writ Habeas Corpus [Doc. No. 1].) On November 20, 2017, Respondent Emily Johnson Piper answered and moved to dismiss the habeas petition, asserting that Friend's claims are procedurally barred, time-barred,

---

[1] Friend filed his petition under 28 U.S.C. § 2241, a federal habeas statute that applies to persons held in custody under the authority of the United States. Friend is in custody pursuant to the authority of the State of Minnesota, and therefore 28 U.S.C. § 2254 provides the appropriate avenue for him to petition for habeas relief.

and defective for failing to exhaust state court remedies. (Mot. Dismiss at 1 [Doc. No. 7].) For the reasons set forth below, the Court recommends that the motion to dismiss be granted and the petition for a writ of habeas corpus be denied.

## I. Background

Since April 9, 1996, Friend has been civilly committed to the MSOP as a Sexual Psychopathic Personality ("SPP") and a Sexually Dangerous Person ("SDP") pursuant to Minn. Stat. § 253B.02, subds. 18a and 18b (1994). (Resp't App. at 1 [Doc. No. 8-2].) Prior to being civilly committed, Friend served a twelve year criminal sentence for first degree intra-familial sexual abuse, multiple counts of first and second degree criminal sexual conduct, and one count of fourth degree criminal sexual conduct. (*Id.* at 2-8.) Each conviction related to the nine year period from 1975 to 1984 in which he repeatedly sexually assaulted six different girls between the ages of five and thirteen. (*Id*. at 2.) Before his conviction, Friend also exhibited problems with alcohol abuse and emotional instability. (*Id.* at 8-9.) Throughout the twelve years of his incarceration, Friend repeatedly denied that he had engaged in inappropriate sexual contact with the young girls. (*Id.* at 7.) He also refused to participate in chemical dependency or sex offender treatment. (*Id.* at 12.)

Shortly before Johnson completed his term of confinement, the warden of the Minnesota Correctional Facility in Stillwater filed a petition for civil commitment in St. Louis County District Court seeking to commit Friend as an SPP and SDP. (Resp't App. at 1.) At his commitment hearing, Friend admitted that he is a pedophile and, for the first time, that he needed sex offender treatment. (*Id.* at 7.) The court noted,

however, that he remained resistant to treatment and maintained his denial of virtually all incidents for which he was convicted. (*Id.* at 7.) In connection with his commitment proceedings, Friend was referred for psychological evaluation but refused to cooperate with testing and clinical interviews. (*Id.* at 13.) After reviewing Friend's records, doctoral intern Jones Adkins and psychologist Dr. Richard Friberg assigned Friend a score of 40 on the sex offender screening tool, placing him in the high range of severity. (*Id.*) Such a score indicated a high probability of sexually reoffending in the future, particularly given Friend's unwillingness to undergo treatment or psychological evaluation. (*Id.* at 14.) Psychologists Dr. Harry Hoberman and Dr. Douglas Fox also reviewed Friend's records and determined that he was an SPP and SDP and thus met the criteria for commitment. (*Id.* at 15.)

Based on the evidence submitted and testimony elicited at the hearing, the St. Louis County District Court concluded that "[b]ecause respondent is an untreated sex offender who displays little, if any, remorse for his crimes, or empathy for his victims, and is consequently a very high risk to reoffend, the [MSOP] is the only appropriate and available facility in this state that can both meet respondent's treatment needs and provide sufficient protection for society." (*Id.* at 20.) Accordingly, the court entered an interim Order for Commitment, subject to a final determination within sixty days. (*Id.* at 23.) At the sixty-day review hearing, the St. Louis County District Court found by clear and convincing evidence that Friend continued to meet the statutory criteria for commitment and ordered that his civil commitment be continued for an indefinite period. (*Id.* at 25-26.) Friend did not directly appeal his commitment order. (*Id.* at 64.)

On March 20, 2013, Friend applied for a writ of habeas corpus in state court pursuant to Minn. Stat. § 589.01, alleging that his commitment to the MSOP was unconstitutional on several grounds. *Friend v. Jesson*, No. A13-2098, 2014 WL 2807992, at *1 (Minn. Ct. App. June 23, 2014). In particular, Friend asserted the following claims for relief: (1) the Minnesota Commitment and Treatment Act ("MCTA") is an unconstitutional bill of attainder that also impairs the obligation of contracts under the U.S. Constitution; (2) his commitment amounts to double jeopardy; (3) the MCTA violates his equal protection rights; (4) the Minnesota Supreme Court's interpretation of the MCTA violates the separation of powers doctrine; (5) his due process rights are violated by his inadequate treatment and indefinite detention; (6) sex offender registration and notification requirements violate his due process rights; (7) his commitment to the MSOP is unlawful because he has no method to obtain release; (8) his detention is punitive and violative of the Patient's Bill of Rights and (9) MSOP policies are forms of coercion and extortion. *Friend*, 2014 WL 2807992, at *2. The district court denied Friend's habeas petition on the papers and the Minnesota Court of Appeals affirmed. *Id.* at *1, *7. The Minnesota Supreme Court declined to review the petition on September 16, 2014. (Resp't App. at 232.)

On June 2, 2016, Friend again applied for a writ of habeas corpus in state court pursuant to Minn. Stat. § 589.01 to challenge the constitutionality of his civil commitment to the MSOP. (Resp't App. at 330.) In his second petition for habeas relief, Friend essentially reasserted the same claims raised in his first state habeas petition, including that: (1) his due process rights are being violated by his continuing civil

4

commitment; (2) he is not receiving appropriate treatment; (3) his confinement violates the separation of powers; (4) his confinement constitutes double jeopardy; (5) he has no mental disorder and is not dangerous; (6) and his confinement violates the Minnesota Health Care Bill of Rights. (*Id.* at 331.)  The district court concluded Friend's claims were barred by *res judicata* and denied his petition without a hearing. (*Id.* at 330-31.) On March 14, 2017, the Minnesota Court of Appeals affirmed. (*Id.* at 330-33.)  On May 30, 2017, the Minnesota Supreme Court declined to review. (*Id.* at 341.)

## II.     Petition for Habeas Corpus

By this petition, Friend purports to challenge the September 23, 2016, state court order denying his petition for a writ of habeas corpus. (Pet. at 2 [Doc. No. 1].)  In particular, Friend asserts the state court erred in denying his petition for habeas corpus on the following grounds:

> Ground I – Due Process:  Petitioner's commitment status was reclassified from that of a patient to that of a client without judicial authorization. (*Id.* at 7.)
>
> Ground II – Double Jeopardy:  "Petitioner is being punished twice for the same offense in violation of the Federal Double Jeopardy clause." (*Id.*)
>
> Ground III – Separation of Powers: "Unauthorized transfer . . . into MSOP without a judicial hearing."  (*Id.* at 8.)
>
> Ground IV – Commitment Requirements:  "Petitioner should be unconditionally released from civil confinement because Respondent can no longer show Petitioner is mentally ill, nor currently dangerous due to said mental illness." (*Id.*)

Respondent moves to dismiss Friend's habeas petition, asserting that his claims are procedurally barred on state law grounds, and that even if they were not, they would

5

be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Respondent additionally argues that the petition should be dismissed in its entirety because he failed to exhaust state court remedies at least as to Ground IV.  Finally, it argues that even if his petition could overcome all of these obstacles, it would nevertheless fail on the merits because he cannot show that the state court decisions underlying his confinement were contrary to clearly established federal law.

### A. Legal Standards

A writ of habeas corpus enables a prisoner to appear before the court to challenge the legality of his confinement and, if successful, obtain his release.  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973) ("[T]he writ of habeas corpus [is] a remedy . . . from any confinement contrary to the Constitution or fundamental law.").  The right to petition for habeas relief is a foundational legal principle in the American system and has been recognized as "an integral part of our common-law heritage."  *Preiser*, 411 U.S. at 485, U.S. Const. art. 1 § 9.  However, the right is not absolute and has been shaped by common law doctrine as well as federal statutes.  *See* 28 U.S.C. §§ 2241-2255; *see also, e.g.,* Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

One limitation on the right to habeas review is the exhaustion principle.  28 U.S.C. § 2554(b).  Federal courts may entertain a habeas petition brought by a state prisoner only if the prisoner has exhausted all available state court remedies relating to those claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  A claim is exhausted when the petitioner "has afforded the highest state court a fair opportunity to rule on the factual and

theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). The highest state court is afforded that opportunity only when the petitioner invokes "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (quotation and quotation marks omitted). If unexhausted claims are presented in a habeas petition, and state court remedies remain available with respect to those claims, the federal court may either dismiss the claims without prejudice or stay the proceedings to allow for the petitioner to attempt to obtain the state court remedies. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

Another limitation on the right to habeas review is the procedural default principle. The doctrine of procedural default holds that "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9, 132 S. Ct. 1309, 1316, 182 L. Ed. 2d 272 (2012). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Id.*

If a claim is procedurally defaulted on federal habeas review, a federal court may hear the petition only under two limited circumstances: (1) if the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the

alleged violation of federal law; or (2) if the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See McCall,* 114 F.3d at 758 (citing *Coleman,* 501 U.S. at 750). To establish cause for the default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in *Ivy* omitted). A court need not consider prejudice unless the petitioner demonstrates cause. *McCall,* 114 F.3d at 758. The second exception—miscarriage of justice—is available only when the petitioner establishes that a constitutional violation likely caused the conviction of an innocent person. *Id.* (quoting *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995)). If neither exception applies, the procedural default cannot be excused, and the court should deny the petition without reaching the merits of the claims. *See Carney v. Fabian,* 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

      B.    **Procedural Bar**

Respondent argues that Friend's federal habeas petition challenging the denial of his second state court habeas petition should be dismissed because the state court based its decision rejecting Friend's claims on adequate and independent state law grounds. More specifically, the Minnesota Court of Appeals determined that Friend's claims were barred by *res judicata* because they were or could have been raised in his initial 2013

habeas petition and "involved the same factual circumstances, the same parties, received a final adjudication on the merits, and were fully and fairly litigated." *Friend v. Piper,* Case No. A16-1699 (Minn. Ct. App. 2017); (Resp't App. 330-33).

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Absent excuse or just cause, "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (internal quotations omitted). Courts have held that the state common law doctrine of *res judicata* provides such an adequate and independent ground for denying federal habeas relief. *See, e.g., Darby v. North Dakota,* No. 1:11-CV-071, 2013 WL 542082, at *29 (D.N.D. Feb. 12, 2013), report and recommendation adopted sub nom. *Darby v. Redmann,* 2013 WL 1291625 (D.N.D. Mar. 26, 2013) ("claims have now been procedurally defaulted given the state-law statutory bar[] of res judicata"); *Stojetz v. Ishee*, 389 F. Supp. 2d 858, 894 (S.D. Ohio 2005); *Coleman v. Mitchell*, 268 F.3d 417, 427 (6th Cir. 2001); *cf. Ruiz v. Norris*, 71 F.3d 1404, 1409 (8th Cir. 1995) ("It is axiomatic that a district court may dismiss a successive habeas petition asserting identical grounds for relief raised and decided adversely on the merits in an earlier petition" ).

The Court agrees that Friend's habeas petition is procedurally barred. In this federal habeas petition, Friend reasserts the same claims that he lodged in his first and second state-law habeas petitions, namely that his continued commitment violates his

right to due process, constitutes double jeopardy, violates the separation of powers, and no longer serves the purpose of protecting the public because he is no longer mentally ill. (Pet. at 8-9; Resp. App. at 331); *Friend*, 2014 WL 2807992, at *1. The Carlton County District Court dismissed his second habeas petition, and the Minnesota Court of Appeals affirmed the dismissal, on the ground that his claims were barred by the Minnesota common law doctrine of *res judicata*. *See Hauschildt v. Beckingham,* 686 N.W.2d 829, 840 (Minn. 2004). In other words, the state court decided, without proceeding to the merits of Friend's claims, that a procedural bar warranted dismissal of the claims. Therefore, the state court supplied an independent and adequate state ground for dismissing the state-law habeas petition that this Court will not disrupt. *See Coleman v. Thompson*, 501 U.S. at 730. Accordingly, the Court recommends dismissing the instant habeas petition on the basis that it is procedurally barred.

### C.   Statute of Limitations

Respondent additionally argues that Friend's habeas petition is time-barred and should therefore be dismissed. The federal habeas statutes provide that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further,

> [T]he limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

> State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Respondent argues Friend's habeas petition is time-barred because it was filed many years after the one-year clock had run. Friend was civilly committed for an indefinite period on June 10, 1996. Friend did not appeal his civil commitment, and it became final after 90 days. *See* Minn. R. Civ. App. P. 104.01 (1983) (later amended to reduce deadline to appeal from 90 days to 60 days). Because the one-year limitation period runs from the time judgment becomes final, Respondent argues Friend had to have filed his federal habeas petition by September 1997. Thus, Respondent asserts that Friend's habeas petition falls outside of the statute of limitations period and should be dismissed in its entirety.

Respondent additionally argues that to the extent Friend seeks to rely on facts or circumstances that developed or were discovered after his civil commitment became final, his petition is still time-barred because he made the same arguments and asserted essentially the same facts in his first state habeas challenge in 2013. The statute of limitations for filing a federal habeas petition runs from the later of the date the challenged state judgment becomes final or "the date on which the factual predicate of

11

the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Just as he did in 2013, Friend alleges that the facts underlying his instant habeas petition include amendments to the MCTA after he was committed, being designated a "client" instead of a "patient," receiving treatment from MSOP instead of the Minnesota Sexual Psychopathic Personality Treatment Center, violations of the Minnesota Health Care Bill of Rights, and the failure of MSOP to offer him psychiatric care. *Compare* (Resp. App. at 80-110) *with* (Pet. at 7-8; Mem. Supp. Habeas Corpus [Doc. No. 3].) Therefore, Respondent argues, even if Friend claims there are newly-discovered or developed facts since his initial civil commitment, he was aware of all of those facts by at least 2013, when he filed his state habeas petition asserting essentially the same grounds, and the instant petition is therefore barred by the one-year statute of limitations.

    The Court agrees that Friend's habeas petition is time-barred. Section 2244(d)(1) of the federal habeas statutes establishes a one-year period for petitions for habeas relief from state confinement. Under Section 2244(d)(1)(A), that period expired one year after his initial civil commitment became final either by way of a final decision on direct review or by the expiration of the time for seeking direct review. Since he did not appeal his commitment, it became final in September 1996, and the one-year period expired in September 1997 unless one of the circumstances enumerated in Section 2244(d)(1)(B), (C), or (D) applies. Friend points to no impediment that was removed that would trigger subsection (B), and no newly-recognized constitutional right that would trigger subsection (C). And while he arguably cites facts in his petition that arose since his

12

initial commitment, he points to nothing that he did not say five years ago, in his first state court habeas petition in 2013. Accordingly, the Court recommends that Friend's habeas petition be dismissed as time-barred under Section 2244(d)(1).

### D.     Exhaustion

Respondent argues that Friend's habeas petition should be dismissed because he failed to exhaust his state law remedies at least as to Ground IV before filing this federal petition. As a general rule, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). "[An] applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Further, under the "total exhaustion rule," a federal district court must dismiss a state prisoner's habeas corpus petition if it contains both unexhausted and exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Under Minnesota law, a civilly committed person may petition for release from confinement on the basis that he is no longer mentally ill or a danger to the community. Minn. Stat. §§ 253B.18, subd. 4c(c), 253D.27. In particular, the MCTA provides that:

> . . . a civilly committed person [may] petition [ ] the Minnesota Commissioner of Human Services. A "special review board" hears the petition and if the board determines that the petitioner is no longer mentally ill and dangerous, provisional or outright release may be ordered. *See* Minn. Stat. §§ 253B.18, subds. 7–15. If the petition is not granted, then petitioner can seek judicial rehearing and reconsideration. Minn. Stat. § 253B.19, subd. 2. If the request for judicial rehearing and reconsideration

13

>is denied, then the petitioner can seek further review in the Minnesota Court of Appeals. Minn. Stat. § 253B.19, subd. 5.

*Thornblad v. Jesson*, No. CIV. 12-375 JNE/SER, 2012 WL 1094450, at *2 (D. Minn. Mar. 14, 2012), *report and recommendation adopted*, No. CIV. 12-375 JNE/SER, 2012 WL 1094435 (D. Minn. Apr. 2, 2012).

Here, Respondent asserts that Friend has not petitioned for reduction in custody or release from civil confinement under the process laid out in Minn. Stat. §§ 253D.27 and 253B.19. Instead, Friend has filed multiple state-law habeas petitions challenging the constitutionality of his confinement. Thus, Respondent argues that Friend has plainly failed to exhaust his state court remedies at least as to Ground IV of his petition, and his entire habeas petition should be dismissed pursuant to the total exhaustion rule.

The Court agrees that Friend failed to exhaust his state-law remedies before petitioning for habeas relief. By this habeas petition, Friend seeks a "full and unconditional release" from MSOP confinement, but Minnesota law provides a specific statutory avenue for him to obtain the release he seeks, one that he has not yet pursued. In particular, Minn. Stat. § 253D.27 and related statutes provide "the exclusive remedy for patients committed as SDPs and SPPs seeking a transfer or discharge" because, by the statute's own terms, persons committed to MSOP "shall be transferred, provisionally discharged, or discharged, *only as provided in this chapter*." *In re Civil Commitment of Lonergan*, 811 N.W.2d 635, 642 (Minn. 2012) (emphasis in original); 28 U.S.C. 253D.07, subd. 4. To date, Friend has not engaged in the statutorily prescribed petition process. In fact, it appears that Friend has not even completed the first step by submitting

14

a petition to the special review board to argue that he is no longer mentally ill or dangerous. (Resp. App. at 64 [Doc. No. 8-2].) Therefore, Friend has not exhausted his state-law remedies and his habeas petition should be dismissed in its entirety based on the "total exhaustion" rule. *See Rose*, 455 U.S. at 510.

In sum, the Court recommends that Friend's habeas petition be dismissed because the state court decision rejecting the same claims was based on an independent and adequate state law-based ground, because his claims are barred by the applicable statute of limitations, and because at least one of his grounds has not been exhausted through available state court avenues.

## III.   Certificate of Appealability

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Court cannot grant a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Friend's claims any differently than recommended here. Friend has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. The Court therefore recommends that Friend not be granted a COA in this matter.

**IV.     Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent Emily Johnson Piper's Motion to Dismiss [Doc. No. 7] be **GRANTED**;

2. Petitioner Terrance J. Friend's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Doc. No. 1] be **DISMISSED**;

3. A certificate of appealability **NOT BE GRANTED**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  July 11, 2018              s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge


**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the Report and Recommendation.  A party may respond to the objections within fourteen days after being served with a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c)(1).