UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrance J. Friend,<br><br>Petitioner,<br><br>v.<br><br>Emily Johnson Piper, Commissioner of the Department of Human Services, et al.,<br><br>Respondent. | Case No. 17-cv-4356 (SRN/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Terrance Friend, Minnesota Sex Offender Program, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

Ali Patrick Afsharjavan and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Terrance J. Friend's Objections [Doc. No. 18] to Magistrate Judge Hildy Bowbeer's Report and Recommendation ("R&R"), dated July 11, 2018 [Doc. No. 17]. The magistrate judge recommended that the Motion to Dismiss filed by Respondent Emily Johnson Piper [Doc. No. 7] be granted, and Friend's 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be

---

[1] Friend filed his Petition under 28 U.S.C. § 2241, a federal habeas statute applicable to persons held in custody under the authority of the United States. Because Friend is in custody pursuant to Minnesota state law, the magistrate judge construed his Petition

denied, and the action be dismissed.

Pursuant to statute, this Court reviews de novo any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b)(3). Based on that de novo review, and for the reasons set forth below, the Court overrules Petitioner's objections and adopts the R&R in its entirety.

## II. BACKGROUND

After Friend served a 12-year prison sentence for convictions of criminal sexual conduct involving multiple girls between the ages of five and thirteen, on April 9, 1996, the St. Louis County District Court indefinitely committed him to the Minnesota Sex Offender Program ("MSOP") as a sexual psychopathic personality ("SPP") and sexually dangerous person ("SDP"). (R&R at 2.) Friend did not directly appeal the commitment order. (*Id.*)

On March 20, 2013, Friend filed a petition for a writ of habeas corpus in state court, challenging the constitutionality of his commitment on several grounds. *See Friend v. Jesson*, No. A13-2098, 2014 WL 2807992 (Minn. Ct. App. June 23, 2014). The district court denied Friend's petition, the Minnesota Court of appeals affirmed, *id.* at *1, and the Minnesota Supreme Court denied review on September 16, 2014. (R&R at 4) (citing Resp't App. at 232 [Doc. No. 8-2].)

---

under 28 U.S.C. § 2254. (R&R at 1.)

On June 2, 2016, Friend filed another petition for a writ of habeas corpus in state court, again challenging the constitutionality of his civil commitment to the MSOP. (*Id.*) In September 2016, the district court denied his claims, finding them barred by *res judicata*, as they were previously raised, or could have been raised, in his 2013 petition. (*Id.*) (citing Resp't App. at 330–33.) The Minnesota Court of Appeals affirmed, (*id.*) (citing Resp't App. at RA330–33), and the Minnesota Supreme Court denied review. (Resp't App. at RA341.)

Friend then filed his Petition here, challenging the September 2016 denial of his state court habeas petition. (*See* Pet. at 2.) He claims that his confinement violates due process and the separation of powers, constitutes double jeopardy, and violates the requirements of the Minnesota Commitment and Treatment Act, Minn. Stat. §§ 253D.01-36. (*Id.* at 7–8.) Respondent moved to dismiss, arguing that Friend's claims were procedurally barred, failed to meet the statute of limitations, and that one of his claims was not procedurally exhausted. (*See* R&R at 6–7.)

Magistrate Judge Bowbeer agreed with Respondent, recommending the dismissal of Friend's Petition with prejudice. She found that Friend's claims were procedurally barred because they were raised or could have been raised in his initial 2013 state court petition. (*Id.* at 9–10.) Additionally, she found that his petition was barred by the one-year statute of limitations. (*Id.* at 10–11.) Further, the magistrate judge found that Friend failed to exhaust his administrative remedies regarding his fourth ground of relief. (*Id.* at 14.) Finally, Magistrate Judge Bowbeer recommended that Friend be denied a certificate of appealability.

Friend filed timely objections to the R&R, triggering this de novo review.[2]

### III. DISCUSSION

Friend first objects to the fact that the magistrate judge construed his Petition as a claim for habeas relief arising under 28 U.S.C. § 2254, as opposed to 28 U.S.C. § 2241, the statute that Friend identified in his Petition. (Obj. at 1.)

This ground of objection has no bearing on the magistrate judge's ruling. She simply noted that Friend could not pursue relief under § 2241 because that statute affords relief only to persons in federal custody.[3] (R&R at 1 n.1.) Section 2254 provides a potential remedy for "person[s] in custody pursuant to the judgment of a State court" who allege violations of the U.S. Constitution or federal laws. 20 U.S.C. § 2254(a). Friend is not in custody by virtue of federal law. Rather, as he notes, he is currently held under the color of state law for a "[s]tate civil commitment directly following a prison sentence." (Pet. at 1.) Not only did Magistrate Judge Bowbeer properly construe Friend's Petition, her consideration of his claims under Section 2254 instead of Section 2241 had no impact on the legal analysis of those claims. This ground of objection is therefore overruled.

Second, Friend argues that the magistrate judge erred in finding that his current Petition presents the same information and claims as his previous petition, and is

---

[2] Friend also filed the self-styled Motion to Accept Petitioner's Objections [Doc. No. 19], asking the Court to reexamine the R&R. There is no need for such a motion, as Friend's timely-filed Objections oblige the Court to consider his arguments. The Court therefore terminates the Motion to Accept Petitioner's Objections as it is unnecessary.

[3] Section 2241 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof[.]" 28 U.S.C. § 2241(c)(1).

4

therefore procedurally improper. (Obj. at 2.) But in his Objections, Friend fails to identify any differences between his claims, merely stating his belief that the current Petition differs from his 2013 petition. (*Id.*) As Magistrate Judge Bowbeer recognized, "while [Friend] arguably cites facts in his petition that arose since his initial commitment, he points to nothing that he did not say five years ago, in his first state court habeas petition in 2013." (R&R at 12–13.)

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Absent a legally recognized excuse or just cause, "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (internal quotations omitted).

"Minnesota cases have long applied res judicata to successive and serial petitions for habeas corpus relief." *Johnson v. Fabian*, No. A10-231, 2010 WL 3546527, at *1 (Minn. Ct. App. Sept. 14, 2010) (citing *Thompson v. Wood*, 272 N.W.2d 357, 358 (Minn.1978) (affirming denial of habeas petition where petitioner sought to relitigate issues previously decided against him); *see also Ruiz v. Norris*, 71 F.3d 1404, 1409 (8th Cir. 1995) ("It is axiomatic that a district court may dismiss a successive habeas petition asserting identical grounds for relief raised and decided adversely on the merits in an earlier petition.") (internal quotations removed). The state court judge declined to reach the merits of Friend's 2016 claims, finding them procedurally defaulted. (*See* Resp't App. at RA332) (summarizing district court's ruling). Specifically, the court found that

six claims were raised in 2013, and the remaining claim could have been raised in Friend's 2013 Petition. (*Id.*)

The Court agrees with the magistrate judge's assessment that the claims that Friend asserts here are procedurally barred, as they are claims previously raised. Friend has not demonstrated any "cause for the [procedural] default and actual prejudice as a result of the alleged violation of federal law," nor has he shown that failing to consider his claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749–50. Accordingly, because the state court provided an independent and adequate state ground for dismissing the state-law habeas petition, this Court will not disturb its ruling. *Id.* at 729.

Friend does not specifically object to the other two bases supporting the magistrate judge's recommendation to dismiss his Petition, or the recommendation that a certificate of appealability be denied. Instead, he argues that the Court should excuse his failure to comply with unspecified "technicalities." (Obj. at 3.) He provides no basis on which to do so, however. While the Court is required to construe the content of Plaintiff's pleadings liberally as he is proceeding pro se, *see Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Court concurs with the magistrate judge's recommendations concerning the statute of limitations, exhaustion as to the fourth ground of relief, and the denial of a certificate of appealability. Therefore, for all of the foregoing reasons, the Court overrules Petitioner's Objections.

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections [Doc. No. 18] to the Magistrate Judge's July 11, 2018 Report and Recommendation are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 17];

3. Respondent's Motion to Dismiss [Doc. No. 7] is **GRANTED**;

4. Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] is **DENIED**;

5. This action is **DISMISSED** with prejudice; and

6. The Court will **NOT** issue a Certificate of Appealability in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 22, 2018   s/Susan Richard Nelson
　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　United States District Judge